IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANDREA MIHELIC, INDIVIDUALLY;
MOST VALUABLE PERSONNEL, LLC;
AND UNKNOWN PLAINTIFFS SIMILARLY
SITUATED, JOHN DOES 1-10                                                                         PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:16CV00097-NBB-JMV

CLAY AND LAND INSURANCE, INC.;
CLAY AND WRIGHT INSURANCE, INC.;
LOUIS G. CLAY, JR., INDIVIDUALLY;
JO BETH GLASSCO, INDIVIDUALLY;
DEBBIE McNEAL, INDIVIDUALLY; AND
JOHN DOES 1-10                                                                                    DEFENDANTS

## ORDER DENYING MOTION FOR LEAVE TO FILE SURREBUTTAL

This cause comes before the court upon the plaintiffs' motion for leave to file a surrebuttal in response to the defendants' rebuttal in support of the defendants' 12(b)(6) motions to dismiss. The defendants "vehemently object to the granting of this Motion."

While the defendants correctly note that the Local Rules do not provide for the filing of a surrebuttal, the courts of this district occasionally allow them. *See, e.g., Grooms v. Saint*, No. 1:10-cv-175-SA-JAD, 2010 WL 5027167, at *2 (N.D. Miss. Dec. 3, 2010). Further, "[l]eave to file a surrebuttal should be granted when judicial experience and common sense deem it appropriate." *Dickerson v. Colvin*, No. 5:14-cv-9-DCB-MTP, 2015 WL 5334287, at *6 (S.D. Miss. Sept. 14, 2015).

In the present matter, however, it appears to the court that the defendants have presented no new arguments or factual allegations in their rebuttal brief. The plaintiffs' motion states that they wish to "further develop their factual arguments concerning privity" and "wish to fully brief the legal standard for determining privity in their surrebuttal." The privity issue was raised and

argued extensively in the defendants' original briefs in support of their motions to dismiss. The purpose of a surrebuttal is not to afford the respondent an additional opportunity to rehash or "further develop" arguments he could have addressed in his original responsive brief, but rather to address new arguments improperly presented by the movant in the movant's rebuttal. As the defendants have presented no new arguments in their rebuttal, a surrebuttal from the plaintiffs is inappropriate.

It is, therefore, **ORDERED AND ADJUDGED** that the plaintiffs' motion for leave to file surrebuttal should be, and the same is hereby, **DENIED**.

This, the 15th day of September, 2016.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**