IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANDREA MIHELIC, INDIVIDUALLY;
MOST VALUABLE PERSONNEL, LLC;
AND UNKNOWN PLAINTIFFS SIMILARLY
SITUATED, JOHN DOES 1-10                                                                   PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:16CV00097-NBB-JMV

CLAY AND LAND INSURANCE, INC.;
CLAY AND WRIGHT INSURANCE, INC.;
LOUIS G. CLAY, JR., INDIVIDUALLY;
JO BETH GLASSCO, INDIVIDUALLY;
DEBBIE McNEAL, INDIVIDUALLY; AND
JOHN DOES 1-10                                                                              DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff, Most Valuable Personnel, LLC, ("MVP") is a staffing company owned by plaintiff Andrea Mihelic which provides seasonal workers for clients in Mississippi and Tennessee. Defendant Clay and Wright Insurance, Inc., through its agent, defendant Debbie McNeal, worked with MVP to procure worker's compensation insurance. The plaintiffs filed a previous lawsuit on October 16, 2013, in this court against Clay and Wright and McNeal, as well as Travelers Insurance and Liberty Mutual Insurance, who were later dismissed. *See Most Valuable Personnel, LLC, and Andrea Mihelic, Individually v. Clay and Wright Insurance, Inc., and Debbie McNeal, Individually*, No. 3:13-cv-00252-MPM-DAS (N.D. Miss. 2013) ("Prior Action"). The Second Amended Complaint in the Prior Action alleges claims for "civil fraud,

intentional misrepresentation of material facts, negligent misrepresentation of material facts, willful and intentional breach of contract, breach of fiduciary duty, bad faith insurance, willful and intentional infliction of emotional distress, negligent infliction of emotional distress, simple negligence, gross negligence evidencing an intentional or reckless disregard for the reasonably foreseeable injuries to Plaintiffs, liability of principles under the theory of respondeat superior, tortious interference with a business relationship, compensatory damages, punitive damages, attorney fees and all costs herein." [Prior Action, Doc. No. 53]. These allegations surrounded a premium advance for MVP's worker's compensation insurance policy.

The Prior Action settled on the eve of trial, which was set to begin on April 11, 2016, when the plaintiffs accepted an offer of judgment in the amount of $40,000.00. [Prior Action, Doc. No. 263]. On May 12, 2016, the District Court entered an Agreed Order of Dismissal in the Prior Action which provides:

> That the Offer of Judgment made by Defendants, Clay and Wright Insurance, Inc., and Debbie McNeal pursuant to FRCP Rule 68 to Plaintiffs Most Valuable Personnel, LLC, and Andrea Mihelic, which was accepted on April 1, 2016, pursuant to the Acceptance of Offer of Judgment (Doc. 263) has been satisfied and is hereby settled. Accordingly, the Court hereby dismisses this matter with prejudice.

[Prior Action, Doc. No. 265]. Despite this final judgment entered with prejudice, the plaintiffs filed the instant action a mere nine days later in this court alleging RICO violations for "illegal rebating." The plaintiffs sued additional defendants who are in privity with the defendants in the Prior Action, as addressed below.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Id.* But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly,* 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

In ruling on a Rule 12(b)(6) motion to dismiss, the court generally may not look beyond the pleadings. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Matters of public record and matters of which the court may take judicial notice as well as documents attached to the complaint are exceptions. *Id.* at 1343 n.6; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2001).

Analysis

The defendants assert that the plaintiffs' instant RICO complaint is barred by the doctrine of *res judicata*. Under this doctrine, once a judgment is rendered by a court of competent jurisdiction, the judgment is considered the full measure of relief between the same parties, and those in privity with them, on the same claim or cause of action. *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). The doctrine of *res judicata*, as applied in federal courts, "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Uithoven v. U.S. Army Corps of Engineers*, 884 F.2d 844, 847 (5th Cir. 1989). The purpose of the doctrine is "to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach." *Kaspar Wire Works, Inc.*, 575 F.2d at 535.

In the Fifth Circuit, the doctrine of *res judicata* "has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the

4

same claim or cause of action was involved in both actions." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013). "When all four elements are present, claim preclusion prohibits a litigant from asserting any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action." *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).

The court will address each element in turn, but as an initial matter, pursuant to Federal Rule of Evidence 201 and at the defendants' appropriate request, the court takes judicial notice of the Prior Action, *Most Valuable Personnel, LLC, and Andrea Mihelic, Individually v. Clay and Wright Insurance, Inc., and Debbie McNeal, Individually*, No. 3:13-cv-00252-MPM-DAS (N.D. Miss. 2013). The court will now examine the elements required to determine whether *res judicata* bars the present action.

1. *The parties are identical or in privity in both actions.*

The Fifth Circuit does not require strict identity of parties for *res judicata* purposes. *Clifton v. Warnaco, Inc.*, 53 F.2d 1280, 1995 WL 295863, at *6 (5th Cir. 1995). A defendant who was not a party in a prior action may nevertheless assert *res judicata* as an affirmative defense if he is in privity with the named defendants in the prior action. *Id.* (citing *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992)). "Privity is merely another way of saying that there is sufficient identity between parties to prior and subsequent suits for *res judicata* to apply." *Id.* (quoting *Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990)). "It is nothing more than a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Id.* In the Fifth Circuit, privity exists for *res judicata* purposes in three

5

instances: "(1) where the non-party is the successor in interest to a party's interest in property, (2) where the non-party controlled the prior litigation, and (3) where the non-party's interests were adequately represented by a party to the original suit." *Id.*

The plaintiffs sued Clay and Wright and Debbie McNeal in both this action and the Prior Action; thus, these parties are identical. According to the plaintiffs' own allegations in the RICO complaint, the remaining parties are in privity:

> The same plaintiffs herein previously sued defendants Clay & Wright and McNeal in a case brought before this court, No. 3:13-CV-252-DAS, hereafter ("*MVP v. Clay & Wright*"). Plaintiffs sued for insurance fraud, bad faith cancellation of insurance, and various other causes of action. Debbie McNeal was an insurance agent at Clay & Wright and was sued in both her representative and individual capacities. Louis Clay was the owner of both Clay & Wright and Clay & Land, and Jo Beth Glassco managed his accounts receivable.

[Doc. No. 2]. Accordingly, the court finds that the parties are either identical or in privity in both the present action and the Prior Action.

2. *The prior judgment was rendered by a court of competent jurisdiction.*

This element is undisputed.

3. *The prior judgment was a final adjudication on the merits.*

The District Court in the Prior Action entered an Agreed Order of Dismissal on May 12, 2016, which states:

> That the Offer of Judgment made by Defendants, Clay and Wright Insurance, Inc., and Debbie McNeal pursuant to FRCP Rule 68 to Plaintiffs Most Valuable Personnel, LLC, and Andrea Mihelic, which was accepted on April 1, 2016, pursuant to the Acceptance of Offer of Judgment (Doc. 263) has been satisfied and is hereby settled. Accordingly, the Court hereby dismisses this matter with prejudice.

[Prior Action, Doc. No. 265]. "A dismissal which is designated 'with prejudice' is normally an adjudication on the merits for purposes of *res judicata*." *Fernandez-Montes v. Allied Pilots*

6

*Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993). The court finds that the Prior Action resulted in a final adjudication on the merits for *res judicata* purposes.

4. *The two cases involve the same cause of action.*

The Fifth Circuit uses the "transactional test" to determine whether the same cause of action is involved in both cases. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). "The critical issue under the transactional test is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)). In determining whether the two actions arise from the same nucleus of operative facts requires the court to analyze "the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007). "A judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit." *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 564 (5th Cir. 1983).

> The Prior Action alleged the following facts in the Second Amended Complaint:
>
> Without asking, and without obtaining a promissory note of any kind, Clay and Wright paid this down payment for MVP. According to McNeal, Louis Clay, owner of Clay and Wright, advanced the $17,000 down payment and told Mihelic to pay it back. MVP began paying back the $17,000 in weekly and monthly payments, but it put the small company in an extreme financial bind.

[Prior Action, Doc. No. 53]. This is the "illegal rebating" to which the plaintiffs refer in the present action, though they do not use the term "illegal rebating" in the Second Amended Complaint of the Prior Action. The plaintiffs assert in their RICO complaint here "that rebating was never specifically pled as a cause of action in [the Prior Action] complaint . . . because plaintiffs did not even understand what rebating was until they were apprised of it by their

7

insurance industry expert." [Doc. No. 2].  They did, however, assert the rebating claim without calling it such.  Because the Fifth Circuit utilizes the transactional test, which focuses not on the relief requested or theory asserted but on whether the plaintiff bases the two actions on the same nucleus of operative facts, the court finds that the two cases involve the same cause of action.  The transactional test is satisfied, and a finding of *res judicata* is proper.

## Conclusion

For the foregoing reasons, the court finds that the defendants' motions to dismiss are well taken and should be granted.  A separate order in accord with this opinion shall issue this day.

This, the 30th day of March, 2017.

       /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**